Ludovino Acosta, etc., Plaintiff and Appellee, *v.* Porto Rico Railway, Light & Power Co., Defendant and Appellant.

No. 8416. Argued June 24, 1942.—Decided July 31, 1942.

Judgment for plaintiff in an action for damages. *Affirmed.*

Brown, González & Newsom and E. Córdova Díaz for appellant. E. Acosta Domenech for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an action for damages wherein judgment was rendered for plaintiff. The amount claimed in the complaint was $15,000. An award of $2,000 was granted.

It was alleged that on July 19, 1938, at 7:50 p. m., at Stop 17 of Ponce de León Avenue, Santurce, an electric car belonging to the defendant, and operated in a negligent and careless manner, ran over a child, Radegunda Acosta, knocking her down on the track and causing her a fracture of the right leg, serious bruises on both hips, bruises on the chest and on the back and a deep wound on the left parietal region.

The cause of the accident was set out in the fourth averment of the complaint as follows: "That the accident was due solely and exclusively to the negligence, obstinacy, and carelessness of the motorman who operated said electric car at an excessive speed while it descended, without sounding any signal of its approach and without taking any precautions to guarantee the safety of the persons who were crossing and going by said place."

The defendant in its answer admitted the occurrence of the accident, but denied that it was due to the negligence of its employee, and stated as follows: "The defendant denies that said accident was due solely and exclusively, or in any other way whatsoever, to the negligence, obstinacy, or carelessness of the motorman who operated said electric car, and further denies specifically that said motorman operated said electric car at an excessive speed, without sounding any signal of its approach, or without taking any precautions to guarantee the safety of the persons who were crossing or going by said place; although this defendant admits that prior to the accident the electric car was descending, it alleges, however, that the grade was very slight, and further alleges that prior to the accident the electric car belonging to the defendant was being operated at a moderate speed,

warning of its approach being given by sounding a bell and by the noise caused by the motor, the motorman or conductor thus taking all the necessary and proper precautions.''

As special defenses the defendant alleged that there was no fault or negligence on its part, that the accident was due solely to the fault and negligence of Radegunda Acosta, and that in case the defendant were subject to the charge of negligence, there also existed contributory negligence on the part of Radegunda.

After a trial was had, judgment was rendered in favor of the plaintiff for the amount already indicated. In explaining his viewpoint the trial judge in his statement of the case and opinion said:

"The case was tried on November 27, 1939, with the appearance of both parties assisted by their respective attorneys, oral and documentary evidence being introduced.

"From said evidence and the admission contained in defendant's answer, it appeared as proven to the satisfaction of the court that on July 19, 1938, between 7:30 and 7:45 p.m., at a moment when the traffic of vehicles had stopped at Stop 17, Ponce de León Avenue, Santurce, defendant's electric car halted at said Stop and the plaintiff taking advantage of this situation, crossed the street and as she tried to cross over the track of the defendant, said electric car started, and the motorman, not realizing that the plaintiff was crossing over the track, advanced the car without noticing what was happening in front, accelerating it to five points, that is, to a speed of 20 or 25 kilometers per hour, and upon hitting the plaintiff, it knocked her down and caught her under the wheels of the car, dragging her for some distance over the track, causing her the above-mentioned injuries.

"The evidence for the defendant tended to show that the accident was due exclusively to the negligence of the plaintiff; that the plaintiff suddenly crossed Ponce de León Avenue and went over defendant's tracks without realizing the proximity of the electric car which was approaching.

"The evidence for the plaintiff as well as that for the defendant agree as to the fact that at the place where the accident took place there is a concrete platform or bridgeway over which people cross

from Ponce de León Avenue to the sidewalk next to defendant's tracks (see Exhibits 1, 2, 3, 4, 5, and 6); that these tracks run parallel to the Ponce de León Highway or Avenue and that the traffic of pedestrians at that place is continuous.

"There is a marked conflict as to the precautions taken by the motorman of defendant's electric car. Witnesses for the plaintiff testified that the motorman was not looking forward, nor sounding any bell, and this is evident from the manner in which the accident occurred. The testimony of Dr. Marcolina Fernández, corroborated by her sister Ricarda Martínez, both of whom were passengers on the electric car and witnesses for the defendant, describes the accident thus: 'I heard a loud ring of the bell, and then I saw the crowd of persons.' This shows that it was precisely at that moment that the motorman realized what was happening in front of him.

"The place of the accident is usually crowded, contiguous to the Martí Theatre, situated between Stops 16 and 17 in Santurce. The accident occurred at about 7:30 or 8:00 p.m., when many of the persons who attend the shows at said theatre must necessarily cross over the track, and therefore it was indispensable that the motorman should exercise the greatest degree of care to protect the safety of the persons who most cross from one side of the street to the other, going over defendant's tracks.

"It would not be unreasonable to assume that if the motorman had been looking forward, he would have had an opportunity to see the plaintiff some time before the accident and to avoid the same. The evidence shows that the car hit her with its left side, in the same direction in which it was going, that is, from Santurce towards San Juan.

"The court, in deciding the conflict in the evidence as a whole, and taking into account the manner in which the witnesses for both parties have testified, gives full credit to the testimony of the plaintiff and her witnesses, and, under the facts proved, holds that this is a case of negligence on the part of the motorman and reaches the conclusion that said accident was due to his want of caution and that the plaintiff is not chargeable with any carelessness or recklessness whatsoever, the Porto Rico Railway, Light & Power Co. being thus liable for the damages sustained by and caused to plaintiff Radegunda Acosta as a result of the accident.

"The plaintiff suffered the fracture of her right leg, beneath the knee, for which reason she had to undergo two operations at the Presbyterian Hospital in San Juan, where she was confined for a

period of five months. Besides the fracture, she sustained a wound, shaped like a horseshoe, in a left parietal region, and bruises on various parts of her body. Considering as a whole the injuries sustained and the mental and physical pain suffered, the court believes that an award of $2,000 in favor of the plaintiff is reasonable.''

Thereupon the defendant appealed, and it has assigned four errors: the first claimed to have been committed by the lower court in admitting evidence regarding the fact, not alleged in the complaint, that the motorman was not looking forward; the second, in holding that the fact that the motorman was looking backwards was the proximate cause of the accident; the third, in holding as proven that the motorman was not looking forward; and the fourth, in adjuging the defendant to pay $2,000 as compensation.

The first error was not committed. We have already referred to the allegations of negligence. It is true that the motorman was charged specifically with excessive speed, and failure to give warning of his approach, but immediately it was added that the motorman operated the car without taking the necessary precautions to guarantee the safety of the persons who crossed and passed by the place. And if it be true that when starting the car again, instead of looking forward, he looked backward, there can hardly be conceived a greater want of caution on the part of the motorman and consequently on the part of the defendant.

''The proof and right of recovery must be limited to the negligence alleged, though the allegations in this respect are unnecessarily specific. If instead of making merely a permissible general allegation, the plaintiff sets forth in detail the particular acts of negligence, his rights are correspondingly limited. Thus if instead of alleging generally a negligent derailment, he sets forth the specific causes of the derailment, he cannot rely upon other causes. But the plaintiff is not limited to a specific negligent act alleged, where the other combined facts alleged by him show negligence independent of such specific act. And if he alleges conjunctively negligence both generally and specifically, basing his claim on both, he

is not limited to the specific allegation, as where he alleges both negligence in the operation of a car and the defective and unsafe condition of the controller. . . ." 2 Bancroft's Code Pleading 1777, §1140.

In order to decide whether or not the second and third errors were committed, we have fully examined the lengthy and confused evidence introduced by both parties. Perhaps the accident occurred in the manner described by the witnesses for the defendant. But the judge who saw and heard said witnesses testify did not accord them any credit, but on the contrary relied on the testimony of those for the plaintiff.

Appellant's argument impresses us favorably, but not to the point of convincing us, on appeal, that the trial judge committed manifest error, or acted with passion, prejudice, or partiality. The reversal of the judgment, therefore, does not lie. The evidence for the plaintiff having been believed, it affords sufficient basis to support the findings of the district court, and it does not seem at all impossible that the accident happened in the manner set forth in said findings.

The fourth and last assignment of error is not argued separately in appellant's brief. We find no weighty reason to reduce the award granted. The wounds were serious and their medical treatment was long. The physical suffering must have been intense, and the award made would not be excessive even though the patient should fully recover, as stated by the medical expert for the defendant.

The appeal must be denied and the judgment appealed from affirmed.

Mr. Justice Travieso did not participate herein.